Eminent domain; talcing; navigational servitude. — On September 10,1976 the court entered the following order:
Before CoweN, Ohief Judge, Davis and BeNNett, Judges.
“This case is before the court on defendant’s motion for summary judgment, and plaintiffs’ opposition thereto, which has been considered without oral argument. Plaintiffs in this action are seeking compensation under the Fifth Amendment for an alleged taking of their land by the United States. The tract involved is an island, located in the Ohio Fiver; the land consists of some 116 acres above the ordinary high water mark. These 116 acres were condemned by the United States as part of the Smithland Locks and Dams Project *311 in the Ohio Biver. Compensation was paid to plaintiffs pursuant to the condemnation.
“Plaintiffs claim, under their state’s law, an interest in the remaining approximately 1,200 acres of the island which lie between the ordinary high water mark and the ordinary low water mark. These acres are usually under water. Defendant admits that it has taken and used the sand, silt, and gravel which constitute the submerged portions of the island in the construction of the Smithland project. It is undisputed that defendant has not sought to condemn these underwater acres or paid plaintiffs for their use.
“Plaintiffs contend that the defendant’s use of sand, silt, and gravel from the island in the production of cement for the dam project is outside the navigational servitude of the United States. Thus, it is plaintiff’s position that while the Government may move away the island, the Government cannot have it. In addition to the Fifth Amendment argument, plaintiffs claim that the defendant’s actions have given rise to an implied contract to provide plaintiffs with the value defendant has received from the collateral uses of the submerged acres.
“There is no dispute that the Ohio Eiver is a navigable waterway subject to the dominant navigational servitude of the United States. All navigable waters are under the control of the United States for the purpose of regulating and improving navigation, and although title to the shore and submerged soil is in the various states and individual owners under them, it is always subject to the servitude in respect of navigation created in favor of the Federal Government by the Constitution.
“Projects undertaken by the Government in aid of navigation are to be viewed in their entirety; even if the Government receives some commercial, collateral benefit from the project, such as the use here of sand and gravel for cement, the acts of the United States remain within the power of the navigational servitude and do not amount to a taking of any of plaintiffs’ property. Coastal Petroleum Co. v. United States, 207 Ct. Cl. 701, 524 F. 2d 1206 (1975).
“Accordingly, no compensation from defendant is due plaintiffs. Defendant’s motion for summary judgment is granted, and plaintiffs’ petition is dismissed.”
*312 Plaintiff’s petition for a writ of certiorari was denied March. 21,1977.